IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:                                         CASE NO. 14 - 08936 (ESL)

RITA RAMOS CARRASQUILLO              CHAPTER 13

Debtor

OPINION AND ORDER

On October 24, 2018 the Chapter 13 trustee ("trustee") brought to the attention of the court that there is pending since 2016 a contested matter regarding an application for compensation filed by debtor's counsel and the trustee's opposition to the same (dkt. #72). The court has no explication for the omission and assumes responsibility for the same. Thus, at the outset, the court apologizes to the parties for the delay. The court proceeds to decide the pending matter, acknowledging anachronistic consequences as a result of post 2016 events.

The sequence of events commenced with the filing of an application for compensation ("application") filed by debtor's counsel on January 11, 2016 (Dkt. #44), that is, four days after the court entered an order confirming debtor's chapter 13 plan dated December 17, 2015. The application prays for the approval of fees in the amount of $7,000.00. On February 4, 2016 the trustee filed an opposition to the application (dkt. #45). The trustee alleges that the terms of the confirmed chapter plan bind all parties, including the award of attorney's fees performed prior to the confirmation of the chapter 13 plan. Since the confirmation order provides for the allowance of fees in the amount of $3,000.00, the application for fees in excess of the allowed amount should be denied.

Debtor's counsel replied to the trustee's opposition (dkt. #49) alleging the following: the trustee's position is substantially based on this court's opinion in the case of In re Medina-Espinosa, 2015 WL 2400092 (Bankr. D. P.R. 2015), however, the instant case was filed prior to the issuance of the Medina-Espinosa decision and conformed to the practice up to said date; there was no set deadline for the filing of an application for compensation; the chapter 13 plan was

-1-

confirmed without a hearing and, thus, there was no opportunity to file an application for compensation; and, the services actually performed merit the award of the $7,000.00 requested.

The key legal issue before the court is whether, under the facts and circumstances of this case, the confirmation order is binding as to the attorney's fees claimed up to the confirmation of the chapter 13 plan.

Before entering into the analysis of the legal issue, the court will preemptively state that many, if not all, of the procedural issues and concerns raised by the debtor's counsel have been addressed by PR LBR 3015-3, made effective on June 19, 2018 by General Order 18-01(Exhibit 1 to this order); the local chapter 13 plan form (LBG-G) adopted on November 14, 2017 by General Order 17-08 (Exhibit 2 to this order); the chapter 13 confirmation order being currently entered by this bankruptcy judge (Exhibit 3 to this order); and the administrative order (Administrative Order 18-01) entered on December 3, 2018 for cases assigned to this bankruptcy judge (Exhibit 4 to this order). In this court's opinion, the concerns raised by debtor's counsel in this and other cases, to a large extent, consciously or unconsciously, prompted the court's actions regarding chapter 13 plan confirmation procedures and the award of attorney's fees in chapter 13 cases. The court also notes that on July 31, 2018 it entered an opinion and order in In re Rodríguez Pérez, 2018 WL 3655656 (Bankr. D.P.R. 2018) regarding its views on services contracts in chapter 13 cases and their impact on the "flat fee" and applications for compensation. Therefore, the particular predicaments in this case are unlikely to recur.

The court will first address the due process allegations, that is, that the court entered the confirmation order without prior notice and without a hearing. The sequence of events and the adverse impact on the debtor of the confirmation order are the two critical factors to consider.

The voluntary chapter 13 petition was filed on October 30, 2014. On the same date the debtor filed the Disclosure of Compensation of Attorney for Debtor statement. The same discloses fees in the amount of $3,000.00, of which $2,178.00 were paid pre-petition, leaving a balance to be paid under the plan in the amount of $822.00. On petition date, the debtor also filed a chapter 13 plan dated October 30, 2014. Paragraph 3 of the chapter 13 plan states that the

attorney's fees are those provided in the Disclosure of Compensation of Attorney for Debtor statement, detailing the amounts in the same manner, that is, fees in the amount of $3,000.00, of which $2,178.00 were paid pre-petition, leaving a balance to be paid under the plan in the amount of $822.00.

The initial confirmation hearing was held on January 9, 2015 and continued to May 6, 2015 as the chapter 13 plan was not confirmed on account of the trustee's unfavorable recommendation.

On January 12, 2015 the debtor filed an amended chapter 13 plan dated January 12, 2015. The same included in paragraph 3 identical provisions to the ones in the chapter 13 plan dated October 30, 2014 as to the attorney's fees. After several continuances of the confirmation hearing, upon debtor's requests, a confirmation hearing was held on November 18, 2015. The minutes of the hearing show that the debtor was ordered to file evidence of being current on the proposed plan payments and to file an amended chapter 13 plan which incorporates the terms of the agreement with Oriental Bank in AP 14-0287. The trustee was granted 14 days after the chapter 13 plan was filed to file a report on confirmation; and, if the report is favorable, then the chapter 13 plan may be confirmed.

On December 17, 2015 an amended chapter 13 plan dated December 17, 2015 was filed. The same included, this time in paragraph 2, the same provisions regarding attorney's fees as in the prior chapter 13 plans. The trustee filed a favorable report on December 29, 2015. There were no objections filed by the creditors to any of the proposed plans. The order confirming the December 17, 2015 chapter plan was entered on January 7, 2016. The confirmation order was not appealed. Thus, it became a final order.

After considering the above sequence of events, the provisions in the Disclosure of Compensation of Attorney for Debtor statement, the provision in the confirmed chapter 13 plan regarding attorney's fees, and the minute order of November 18, 2015, the court concludes that the confirmation order was entered granting the requests made by the debtor. Therefore, the debtor nor her counsel may claim to be adversely affected by the confirmation order.

The disclosure of compensation statement and the chapter 13 plan provisions regarding compensation for the services rendered by debtor's counsel were incorporated in the confirmation order entered on January 7, 2016. Consequently, the binding effect of the confirmed chapter 13 plan as to the award of attorney's fees applies to the facts of this case; and so, do this court's decisions in In re Medina-Espinosa, 2015 WL 2400092 (Bankr. D.P.R. 2015); In re Lugo Parrilla, 530 B.R. 1 (Bankr. D.P.R. 2015); and In re Jimenez Galindez, 514 B.R. 79 (Bankr. D.P.R. 2014)

In view of the foregoing, the court finds and concludes that the attorney's fees in this case, up to the confirmation order, are those allowed in the January 7, 2016 confirmation order, that is, $3,000.00.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 5th day of December 2018.

Enrique S. Lamoutte
United States Bankruptcy Judge

-4-

# EXHIBIT 1

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN THE MATTER OF: | : GENERAL ORDER 18-01 |
| | : |
| **ADOPTION OF PR LBR 3015-3** | : |
| | : |

### GENERAL ORDER

On April 12, 2018, this court issued notice that it proposed the adoption of LBR 3015-3. The court has carefully considered the comments received. The United States Bankruptcy Court for the District of Puerto Rico gives notice of the adoption of PR Local Bankruptcy Rule 3015-3 which supersedes existing PR Local Bankruptcy Rule 3015-2. A copy of LBR 3015-3 is hereby attached. The adoption of this rule shall be effective immediately.

The local bankruptcy rules and forms can be accessed and viewed on the bankruptcy court's website located at www.prb.uscourts.gov.

**BY ORDER OF THE COURT.**

In San Juan, Puerto Rico this 19th day of June, 2018.


_____
Mildred Caban Flores, Chief U.S. Bankruptcy Judge

_____
Enrique S. Lamoutte, U.S. Bankruptcy Judge

_____
Brian K. Tester, U.S. Bankruptcy Judge

_____
Edward A. Godoy, U.S. Bankruptcy Judge

**Rule 3015-3: Chapter 13 Plan Requirements and Confirmation**

(a) <u>Applicability</u>

This LBR applies to all chapter 13 cases filed in the United States Bankruptcy Court for the District of Puerto Rico.

(b) <u>Form of Chapter 13 Plan</u>

Chapter 13 Plan Local Form G, adopted pursuant to Fed. R. Bankr. P. 3015(c), 3015.1 and 9009, must be used for all plans filed pursuant to 11 U.S.C. §§ 1321 or 1329(a). LBF-G instructions must be strictly followed.

(c) <u>Service and Notice of Chapter 13 Plan</u>

(1) If the plan is not filed on the same day the petition is filed, the debtor shall serve a copy of the chapter 13 plan on all creditors, the chapter 13 trustee, the United States trustee and parties in interest, in the manner provided for in Fed. R. Bankr. P. 7005(b), Fed. R. Bankr. P. 2002(a)(9) and (b).

(2) A chapter 13 plan that proposes the avoidance of a lien under 11 U.S.C. § 522(f) or a modification of a secured claim pursuant to 11 U.S.C. § 1322(b)(2), including a determination of the amount of a secured claim, shall be served by the debtor when it is filed on the affected secured claim holder in the manner provided for the service of a summons and complaint in Fed R. Bankr. P. 7004, as required by Fed. R. Bankr. P. 3012(b) and Fed. R. Bankr. P. 4003(d), at least 28 days before the confirmation hearing.

(3) <u>Certificate of Service:</u> A certificate of service setting forth the date, the manner of service, and the names and addresses of all parties to whom the plan was served, shall be filed with the court the same day the plan is filed or the next business day.

(d) <u>Objections to Plan Confirmation</u>

(1) The filing of an amended plan prior to the hearing on confirmation pursuant to § 1323 supersedes any prior plan filed and renders moot any objection to the same that was pending prior to its filing.

(2) <u>Service of Objection</u>

(A) The objecting party shall file the objection with the court and serve the same on the trustee, the debtor, and the debtor's attorney, in the manner provided for service of a summons and complaint by Fed. R. Bankr. P. 7004.

1

(B) A certificate of service setting forth the date, the manner of service, and the names and addresses of all parties to whom the objection was served, shall be filed, at the court, the same day the objection is filed or the next business day.

(3) Objection to Confimation

(A) Any creditor or party in interest may file and serve to the debtor, debtor's attorney, the chapter 13 trustee, the United States trustee and any other entity designated by the court, an objection to confirmation of the plan at least seven (7) days before the date set for the confirmation hearing as required by Fed. R. Bankr. P. 3015(f).

(B) The objection shall set forth the facts and legal arguments that cause the objection in sufficient detail to allow the debtor to file a reply or an amendment to the plan to address the objection.

(4) Trustee's Objection in Minutes of Meeting of Creditors

(A) The trustee may object to the confirmation of a chapter 13 plan in the minutes of the § 341 meeting of creditors. The meeting minutes must set forth the facts and legal arguments that give rise to the objection with sufficient particularity to allow the debtor to file a reply or an amendment to the plan addressing the objection.

(B) If the meeting of creditors is held within seven (7) days from the date set for the hearing on confirmation, the trustee may file with the court the meeting minutes, including the objection, not later than one (1) day before the confirmation hearing date.

(C) The trustee shall serve copy of the objection on the debtor(s)' attorney, the debtors, and parties in interest, in the manner provided for service of a summons and complaint in Fed. R. Bankr. P. 7004.

(D) A certificate of service setting forth the date, the manner of service, and the names and addresses of all parties to whom the objection was served, shall be filed at the court the same day the objection is filed or within the next business day.

(5) Response to Objection: If an objection to a chapter 13 plan is filed seven days (7) before the scheduled confirmation hearing date, the

2

debtor must f i l e a response not later than one (1) day before the confirmation hearing date. The debtor may:

    **(A)** amend plan to address each objection; or

    **(B)** reply to the objection setting forth the facts and legal arguments with sufficient particularity to allow each objector to reconsider and withdraw its objection.

**(c)** <u>Initial Chapter 13 Confirmation Hearing</u>

The initial confirmation hearing scheduled in the combined notice of the § 341 meeting of creditors issued by the court will be a non-evidentiary hearing.

    **(1)** The plan may be confirmed at the initial confirmation hearing if:

        **(A)** an objection has not been filed by the trustee, any creditor or other party in interest, or if filed, has been withdrawn or otherwise disposed of;

        **(B)** all requirements for confirmation under §§ 1322 and 1325 as well as all other applicable provisions of the Bankruptcy Code are satisfied; and

        **(C)** there is no motion to dismiss, convert, or abstain pending in the case.

    **(2)** The confirmation hearing may be rescheduled to a later date as a contested confirmation hearing if:

        **(A)** The trustee, a creditor or any party in interest files a timely objection to the plan before the initial confirmation hearing;

        **(B)** the § 341 meeting of creditors has not been held and closed prior to the initial confirmation hearing; or

        **(C)** an amended plan was filed less than fo u r t e e n ( 1 4 ) days prior to the i n i t i a l confirmation hearing.

    **(3)** If the chapter 13 plan is not confirmed at the initial confirmation hearing, the court may continue the hearing as a contested confirmation hearing by announcement at the first confirmation hearing of the continued date and time, without further written notice. The continued date and time will be provided at the hearing and will be reflected in the minutes.

3

**(f)** <u>Contested Confirmation Hearing</u>

**(1)** At the commencement of the contested confirmation hearing, the court may call for the record and confirm those cases in which the plan:

**(A)** has not been objected to by the chapter 13 trustee, any creditor or party in interest;

**(B)** complies with all requirements for confirmation under §§ 1322 and 1325 and all other applicable provisions of the Bankruptcy Code; and

**(C)** there is no motion to dismiss, convert, or abstain pending in the case.

**(2)** Any party in interest that objects to the confirmation of the plan shall attend the contested confirmation hearing if the objection has not been resolved or withdrawn prior to the hearing. If the objecting creditor does not appear at the contested confirmation hearing, the court may overrule the objection for failure to prosecute the same.

**(3)** If the court denies the confirmation of the plan at a contested confirmation hearing, the court may for cause under § 1307(c) enter an order dismissing or converting the case to chapter 7 at the contested confirmation hearing.

**(4)** The court may continue a contested confirmation hearing by announcement at t h e contested confirmation hearing without further written notice. The continued date and time will be reflected in the minutes of the contested confirmation hearing.

**(5)** A motion filed by the debtor, or any party in interest, to continue the contested confirmation hearing must show good cause, include an itemization of pending matters, and a proposed timetable to resolve the pending matters prompting the motion for continuance.

**(g)** <u>Dismissal of Case upon Denial of Confirmation</u>

**(1)** If the court denies confirmation of the debtor's plan, the court may dismiss the case, unless within fourteen (14) days after denial of confirmation:

**(A)** the debtor files an amended plan;

4

**(B)** the debtor moves to convert the case to another chapter of the Bankruptcy Code;

**(C)** the debtor requests the court to alter or amend the order denying confirmation pursuant to Fed. R. Bankr. P. 9023 stating with particularity how the issues that prevented confirmation of the proposed plan have been resolved with the trustee and/or the objecting creditor; or

**(D)** the court orders otherwise.

**(h) Attorney's Fees under the plan (LBF-G, Part 4, Section 4.3)**

**(1)** Compensation Pursuant to LBR 2016-1(f)(1): If a plan provides that the attorney representing the debtor(s) is to be compensated for her/his legal services pursuant to LBR 2016-1(f)(1), the court may approve the amounts described in the statement filed pursuant to 11 U.S.C. § 329 and Fed. R. Bankr. P. 2016(b), as they are deemed to be reasonable for the legal services performed up to the confirmation hearing date.

**(2)** Compensation Pursuant to LBR 2016-1(a): If a plan provides that the attorney representing the debtor(s) is to be compensated for her/his legal services upon the approval by the court of an application for compensation filed pursuant to Fed. R. Bankr. P. 2016(a) and LBR 2016-1(a), then:

**(A)** The application for compensation, pursuant to 11 U.S.C. § 330 and Fed. R. Bankr. P. 2016(a), shall be filed no later than fourteen (14) days from the date of the entry in the docket of the confirmation order, covering all professional services performed up to the confirmation hearing date.

**(B)** If the application is timely filed, the trustee will not make related plan disbursements until the same is considered and approved by the court.

**(C)** Once approved by the court, related plan disbursements by the trustee under the plan will be made in the order of distribution provided in the plan.

**(3)** If an application for compensation has not been approved before the confirmation hearing, the court may allow an interim compensation not to exceed the amounts in LBR 2016-1(f)(1), subject to a final determination on a timely filed fee application.

(4) If the plan is confirmed under § 1325 and the application is not timely filed, the attorney's compensation approved by the confirmation order will be equal to the amount authorized by LBR 2016-1(f)(1), unless otherwise ordered by the court, and the trustee is authorized to make distribution accordingly without further notice or hearing.

(i) <u>Modification of the Plan After Confirmation</u>

(1) <u>Service and Notice of Plan</u>:  The proponent of the post confirmation modification shall serve a copy of the amended plan on all creditors, the chapter 13 trustee, the United States trustee and other parties in interest, in the manner provided for in Fed. R. Bankr. P. 7005(b), including the notices required by Fed. R. Bankr. P. 3015(h), within the time provided therein.

(2) <u>Certificate of Service</u>: A certificate of service setting forth the date, the manner of service, and the names and addresses of all parties to whom the plan was served, shall be filed at court the same day the plan is filed at the court or the next business day.

(3) <u>Increase of Plan Scheduled Payments (LBF-G, Part 2, Section 2.1)</u>: If the confirmed plan is fewer than 60 months and additional payments are necessary to make the payments to creditors in the amounts specified in the plan, the debtor(s) shall give notice to the chapter 13 trustee, creditors and parties in interest by filing an informative motion describing the time and amount of the additional plan payments that will be made. A motion for amendment to the plan under § 1329 of the Bankruptcy Code is not required. Additional plan payments shall not exceed 60 months. A certificate of service of the motion shall be filed with the motion or the next business day.

(j) <u>Full Force and Effect</u>

An order entered by the court confirming a chapter 13 plan shall remain in full force and effect until a subsequently modified post-confirmation chapter 13 plan is approved by the court. Upon the filing of a request for modification which expressly proposes discontinuance of further distributions by the trustee on a claim or claims, the trustee is authorized to hold such funds in reserve until the request is considered by the court. Otherwise the trustee will continue making disbursements per the terms of the confirmed chapter 13 plan.

(k) <u>Discharge Upon Completion of the Chapter 13 Plan</u>

(1) Upon completion of the debtor's confirmed plan and debtor's

6

certification of compliance with domestic support obligation ("DSO") requirements pursuant to § 1328(a) (using Official Form B2830), the Trustee's Report of Plan Completion shall state:

    **(A)**  That there is no DSO due to be paid by the debtor;

    **(B)**  That there were DSO due to be paid by the debtor and that the debtor has certified that those obligations are current; or

    **(C)**  That there were DSO owed by the debtor, that the trustee is unable to determine if they are current, and the debtor has not applied for a waiver under applicable statute.

**(2)** If the trustee informs the court in writing that he is unable to determine if the debtor is current with domestic support obligations, the court shall issue a notice of intent to close the case without a discharge unless within fourteen (14) days, the debtor files a certification with the court, under penalty of perjury, stating that all post-petition DSO are current (using Official Form B2830).

# EXHIBIT 2



## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF PUERTO RICO

María de los Ángeles González
Clerk of Court

Notice 17-21

José V. Toledo U.S. Courthouse
300 Recinto Sur St., Suite134
San Juan, PR 00901

MCS Building Suite 222A
880 Tito Castro Ave.
Ponce, PR 00716-4732

---

# Notice to the Bar and the Public

---

### In Re: Revised Local Chapter 13 Plan LBF-G

Please be advised that Local Bankruptcy Form-G, Chapter 13 Plan, adopted by General Order 17-08 on November 14, 2017 to become effective December 1, 2017, has been revised.

The revised LBF-G is hereby attached.  A fillable form can also be accessed through our website at: www.prb.uscourts.gov.

In San Juan, Puerto Rico, this 30th day of November, 2017.

María de los Ángeles González, Esq.
Clerk of Court

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF PUERTO RICO

In Re:

Case No.: _____

Chapter 13

XXX-XX-0000
XXX-XX-0000

☐ Check if this is a pre-confirmation amended plan.

**Puerto Rico Local Form G**

☐ Check if this is a post confirmation amended plan
    Proposed by:
      ☐ Debtor(s)
      ☐ Trustee
      ☐ Unsecured creditor(s)

# Chapter 13 Plan dated _____.

☐ If this is an amended plan, list below the sections
   of the plan that have been changed.

_____

_____

## PART 1: Notices

**To Debtors:**

This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not  indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that  do not comply with local rules and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies.*

**To Creditors:**

**Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one. The headings contained in this plan are inserted for reference purposes only and shall not affect the meaning or interpretation of this plan.

**If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to  confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy  Court.** The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See  Bankruptcy Rule 3015. In addition, you must file a timely proof of claim in order to be paid under this plan, unless ordered otherwise.

If a claim is withdrawn by a creditor or amended to an amount less than the amount already disbursed under the plan on account of such claim: (1) The trustee is authorized to discontinue any further disbursements to related claim; (2) The sum allocated towards the payment of such creditor's claim shall be disbursed by the trustee to Debtor's remaining creditors. (3) If such creditor has received monies from the trustee (Disbursed Payments), the creditor shall return funds received in excess of the related claim to the trustee for distribution to Debtor's remaining creditors. (4) If Debtor has proposed a plan that repays his or her creditors in full, funds received in excess of the related claim shall be returned to the Debtor.

The following matters may be of particular importance. Debtor(s) must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.

| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial  payment or no payment at all to the secured creditor | ☐ Included | ☐ Not included |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in  Section 3.4 | ☐ Included | ☐ Not included |
| 1.3 | Nonstandard provisions, set out in Part 8 | ☐ Included | ☐ Not included |

## PART 2: Plan Payments and Length of Plan

2.1 **Debtor(s) will make payments to the trustee as follows:**

| PMT Amount | Period(s) | Period(s) Totals | Comments |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
| Subtotals |  |  |  |

*Insert additional lines if needed*

> If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

2.2 **Regular payments to the trustee will be made from future income in the following manner:**

*Check all that apply.*

☐ Debtor(s) will make payments pursuant to a payroll deduction order.

☐ Debtor(s) will make payments directly to the trustee.

☐ Other (specify method of payment): _____

2.3 **Income tax refunds:**

Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will comply with 11 U.S.C. § 1325(b)(2). If the Debtor(s) need(s) to use all or a portion of such "Tax Refunds," Debtor(s) shall seek court authorization prior to any use thereof.

2.4 **Additional payments:**

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

☐ Debtor(s) will make additional payment(s) to the trustee from other sources, as specified below. Describe the source, estimated amount, and date of each anticipated payment.

## PART 3: Treatment of Secured Claims

3.1 **Maintenance of payments and cure of default, if any.**

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

☐ The Debtor(s) will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be disbursed either by the trustee or directly by the Debtor(s), as specified below. Any existing arrearage on a listed claim will be paid in full through disbursements by the trustee, with interest, if any, at the rate stated, pro-rated unless a specific amount is provided below. Unless otherwise ordered by the court, the amounts listed on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) control over any contrary amounts listed below as to the current installment payment and arrearage. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling. If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless otherwise ordered by the court, all payments under this paragraph as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan. The final column includes only payments disbursed by the trustee rather than by the Debtor(s).

| Name of creditor | Collateral | Current installments payments (Including escrow) | Amount of arrearage (If any) | Interest rate on arrearage (If any) | Monthly plan PMT on arrearage | Estimated total payments by trustee |
|---|---|---|---|---|---|---|
| _____ | _____ | $ _____ | $ _____ | _____ % | $ _____ | $ _____ |
|  |  | Disbursed by: ☐ Trustee ☐ Debtor(s) |  | _____ Months | Starting on Plan Month _____ |  |

*Insert additional claims as needed.*

3.2   **Request for valuation of security, payment of fully secured claims, and modification of undersecured claims.**

*Check one.*

☐None. *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

*The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.*

☐ The Debtor(s) request that the court determine the value of the secured claims listed below. For each non-governmental secured claim listed below, the Debtor(s) state that the value of the secured claim should be as set out in the column headed *Amount of Secured Claim*. For secured claims of governmental units, unless otherwise ordered by the court, the value of a secured claim listed in a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary amount listed below. For each listed claim, the value of the secured claim will be paid in full with interest at the rate stated below. If no monthly payment is listed below, distribution will be pro-rated according to section 7.2.

The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan. If the amount of a creditor's secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5 of this plan. Unless otherwise ordered by the court, the amount of the creditor's total claim listed on the proof of claim controls over any contrary amounts listed in this paragraph.

The holder of any claim listed below as having value in the column headed *Amount of Secured Claim* will retain the lien on the property interest of the Debtor(s) or the estate(s) until the earlier of:

(a) Payment of the underlying debt determined under nonbankruptcy law, or

(b) Discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor. See Bankruptcy Rule 3015.

| Name of Creditor | Estimated Amount of Creditor's Total Claim | Collateral | Value of Collateral | Amount of Claims Senior to Creditor's Claim | Amount of Secured Claim | Interest Rate % | Monthly PMT to Creditor | Estimated Total of Monthly PMTs |
|---|---|---|---|---|---|---|---|---|
| _____ | $ _____ | _____ | $ _____ | $ _____ | $ _____ | ____% | $ _____ | $ _____ |
| | | | | | | | _____ Months  Starting on Plan Month _____ | |
| _____ | $ _____ | _____ | $ _____ | $ _____ | $ _____ | ____% | $ _____ | $ _____ |
| | | | | | | | _____ Months  Starting on Plan Month _____ | |

*Insert additional lines as needed.*

3.3   **Secured claims excluded from 11 U.S.C. § 506.**

*Check one.*

☐ None. *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*
☐ The claims listed below were either:

   (1) Incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the Debtor(s), or

   (2) Incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value.

These claims will be paid in full under the plan with interest at the rate stated below. These payments will be disbursed either by the trustee or directly by the Debtor(s), as specified below. Unless otherwise ordered by the court, the claim amount stated on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) controls over any contrary amount listed below. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling. The final column includes only payments disbursed by the trustee rather than by the Debtor(s). If the Trustee is to disburse and no monthly payment amount is listed below, distribution will be prorated according to plan section 7.2.

| Name of creditor | Collateral | Amount of claim | Interest rate | Monthly plan payment | Estimated total payments by trustee |
|---|---|---|---|---|---|
| _____ | _____ | $ _____ | ____% | $ _____ | $ _____ |
| | | | _____ Months | Disbursed by: | |
| | | Starting on Plan Month _____ | | ☐ Trustee | |
| | | | | ☐ Debtor(s) | |

*Insert additional lines as needed.*

3.4 **Lien Avoidance.**

*Check one.*
☐**None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.

☐ The judicial liens or nonpossessory, nonpurchase money security interests securing the claims listed below impair exemptions to which the Debtor(s) would have been entitled under 11 U.S.C. § 522(b). Unless otherwise ordered by the court, a judicial lien or security interest securing a claim listed below will be avoided to the extent that it impairs such exemptions upon entry of the order confirming the plan. The amount of the judicial lien or security interest that is avoided will be treated as an unsecured claim in Part 5 to the extent allowed. The amount, if any, of the judicial lien or security interest that is not avoided will be paid in full as a secured claim under the plan. See 11 U.S.C. § 522(f) and Bankruptcy Rule 4003(d). If more than one lien is to be avoided, provide the information separately for each lien. If no monthly payment is listed below, distribution will be prorated according to plan section 7.2.

| Information regarding judicial lien or security interest | Calculation of lien avoidance | | Treatment of remaining secured claim |
|---|---|---|---|
| Name of creditor | a. Amount of lien | $ | Amount of secured claim after avoidance (line a minus line f) |
| | b. Amount of all other liens | $ | $ |
| Collateral | c. Value of claimed exemptions + | $ | |
| | | | Interest rate |
| Lien identification (such as judgment date, date of lien recording, book and page number) | d. Total of adding lines a, b and c | $ | ( %) _____ Months Starting on Plan Month _____ |
| | e. Value of Debtor's interest in property | $ | Monthly Payment on secured claim |
| | f. Subtract line e from d. | $ | $ |
| | Extent of exemption impairment (check applicable box) | | Estimated total payments on secured claim $ |
| | ☐Line f is equal to or greater than line a. *The entire lien is avoided (Do not complete the next column.)* | | |
| | ☐Line f is less than line a. *A portion of the lien is avoided. (Complete the next column.)* | | |

*Insert additional lines as needed.*

3.5 **Surrender of collateral.**

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

☐ The Debtor(s) elect to surrender to each creditor listed below the collateral that secures the creditor's claim. The Debtor(s) request that upon confirmation of this plan, the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under § 1301 be terminated in all respects. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 5 below.

| Name of creditor | Collateral |
|---|---|
| _____ | _____ |
| _____ | _____ |

*Insert additional lines as needed.*

3.6 **Pre-confirmation adequate protection monthly payments ("APMP") to be paid by the trustee.**

☐ Payments pursuant to 11 USC §1326(a)(1)(C):

| Name of secured creditor | $ Amount of APMP | Comments |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |

*Insert additional lines as needed.*

Pre-confirmation adequate protection payments made through the plan by the trustee are subject to the corresponding statutory fee.

3.7 **Other secured claims modifications.**

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.7 need not be completed or reproduced.*

☐ Secured claims listed below shall be modified pursuant to 11 U.S.C. § 1322(b)(2) and/or § 1322(c)(2). Upon confirmation, the trustee shall pay the allowed claim as expressly modified by this section, at the annual interest rate and monthly payments described below. Any listed claim will be paid in full through disbursements by the trustee, with interest, if any, at the rate stated, pro-rated unless a specific amount is provided below. Unless otherwise ordered by the court, the amounts listed on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) control over any contrary amounts listed below. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling. If no monthly payment amount is listed below, distribution will be prorated according to plan section 7.2.

| Name of creditor | Claim ID # | Claim amount | Modified interest rate | Modified term *(Months)* | Modified P&I | Property taxes *(Escrow)* | Property insurance *(Escrow)* | Total monthly payment | Estimated total PMTs by trustee |
|---|---|---|---|---|---|---|---|---|---|
| _____ | ____ | $ _____ ☐ To be paid in full 100% | ____ % | ____ | $ ____ | $ ____ | $ ____ | $ _____ Starting on Plan Month ____ | $ _____ |
| _____ | ____ | $ _____ ☐ To be paid in full 100% | ____ % | ____ | $ ____ | $ ____ | $ ____ | $ _____ Starting on Plan Month ____ | $ _____ |

*Insert additional lines as needed.*

## PART 4: Treatment of Fees and Priority  Claims

4.1 **General**

Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

4.2 **Trustee's fees**

Trustee's fees are governed by statute and may vary during the term of the plan, nevertheless are estimated for confirmation purposes to be 10 % of all plan payments received by the trustee during the plan term.

4.3 **Attorney's fees**

*Check one.*

☐ **Flat Fee:** Attorney for Debtor(s) elect to be compensated as a flat fee for their legal services, up to the plan confirmation, according to LBR 2016-1(f).

OR

☐ **Fee Application:** The attorneys' fees amount will be determined by the court, upon the approval of a detailed application for fees and expenses, filed not later than 14 days from the entry of the confirmation order.

Attorney's fees paid pre-petition:      $ _____
Balance of attorney's fees to be paid under this plan are estimated to be:      $ _____
If this is a post-confirmation amended plan, estimated attorney's fees:      $ _____

4.4     **Priority claims other than attorney's fees and those treated in §§ 4.5, 4.6.**

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

☐ The Trustee shall pay in full all allowed claims entitled to priority under §507, §1322(a)(2), estimated in $_____ .

| Name of priority creditor | Estimate amount of claim to be paid |
|---|---|
| | $ |
| | $ |
| | $ |
| | $ |

*Insert additional lines as needed.*

4.5     **Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.**

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim under 11 U.S.C. § 1322(a)(4). *This plan provision requires that payments in § 2.1 be for a term of 60 months; see 11 U.S.C. § 1322(a)(4).*

| Name of creditor | Estimated amount of claim to be paid |
|---|---|
| | $ |
| | $ |

*Insert additional lines as needed.*

4.6     **Post confirmation property insurance coverage**

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 4.6 need not be completed or reproduced.*

☐ The Debtor(s) propose to provide post confirmation property insurance coverage to the secured creditors listed below:

| Name of creditor insured | Insurance Company | Insurance coverage beginning date | Estimated insurance premium to be paid | Estimated total payments by trustee |
|---|---|---|---|---|
| | | | $ _____ <br> Disbursed by: <br> ☐ Trustee <br> ☐ Debtor(s) | $ _____ |
| | | | $ _____ <br> Disbursed by: <br> ☐ Trustee <br> ☐ Debtor(s) | $ _____ |

*Insert additional lines as needed.*

## PART 5: Treatment of Nonpriority  Unsecured Claims

5.1    **Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid pro rata. If more than one option is checked, the option providing the largest payment will be effective.

*Check all that apply.*

☐ The sum of $_____.

☐ _____% of the total amount of these claims, an estimated payment of $_____.

☐ The funds remaining after disbursements have been made to all other creditors provided for in this plan.

☐ If the estate of the Debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately $_____.

5.2    **Maintenance of payments and cure of any default on nonpriority unsecured claims.**

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

☐ The Debtor(s) will maintain the contractual installment payments and cure any default in payments on the unsecured claims listed below on which the last payment is due after the final plan payment. Contractual installment payments will be disbursed either by the trustee or directly by the  Debtor(s), as specified below. The claim for the arrearage amount will be paid in full as specified below and disbursed by the trustee. The final column includes only payments disbursed by the trustee rather than by the Debtor(s).

| Name of creditor | Current installment payments | Amount of arrearage to be paid | Estimated total payments by trustee |
|---|---|---|---|
| _____ | $_____ | $_____ | $_____ |
| | Disbursed by:<br>☐ Trustee<br>☐ Debtor(s) | | |

*Insert additional lines as needed.*

5.3    **Other separately classified nonpriority unsecured claims.**

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

☐ The nonpriority unsecured allowed claims listed below are separately classified and will be treated as follows: (If Trustee is to disburse and no monthly payment amount is listed below, distribution will be prorated according with plan section 7.2.)

| Name of creditor (Claim No.) | Base for separate classification | Treatment (to be paid pro rata) | Amount to be paid on the claim (if applicable) | Interest rate (If applicable) | Months | Starting on Plan Month | PMT Amount | Estimated total amount of payments |
|---|---|---|---|---|---|---|---|---|
| _____ | _____ | ☐ In full – 100%<br>☐ Less than 100%<br>☐ Paid by co-debtor<br>☐ Other (explain) | $_____ | _____% | ____ | ____ | $_____ | $_____ |
| | | | _____ | | | | | |
| _____ | _____ | ☐ In full – 100%<br>☐ Less than 100%<br>☐ Paid by co-debtor<br>☐ Other (explain) | $_____ | _____% | ____ | ____ | $_____ | $_____ |
| | | | _____ | | | | | |

*Insert additional lines as needed*

## PART 6: Executory Contracts and Unexpired Leases

6.1    The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

☐ **Assumed items.** Current installment payments will be disbursed either by the trustee or directly by the Debtor(s), as specified below, subject   to any contrary court order or rule. Arrearage payments will be disbursed by the trustee. The final column includes only payments disbursed   by the trustee rather than by the Debtor(s).

| Name of creditor | Description of leased property or executory contract | Current installment payment | Amount of arrearage to be paid | Treatment of arrearage (Refer to other plan section if applicable) | Estimated total payments by trustee |
|---|---|---|---|---|---|
| _____ | _____ | $ _____  Disbursed by: ☐ Trustee ☐ Debtor(s) | $ _____ | _____ | $ _____ |
| _____ | _____ | $ _____  Disbursed by: ☐ Trustee ☐ Debtor(s) | $ _____ | _____ | $ _____ |

*Insert additional lines as needed.*

## PART 7: Vesting of Property of the Estate & Plan Distribution Order

7.1    Property of the estate will vest in the Debtor(s) upon

*Check the applicable box:*

☐ Plan confirmation.

☐ Entry of discharge.

☐ Other: _____ .

7.2    Plan distribution by the trustee will be in the following order:
*(The numbers below reflect the order of distribution; the same number means prorated distribution among claims with the same number.)*

1. Distribution on Adequate Protection Payments (Part 3, Section 3.6)
1. Distribution on Attorney's Fees (Part 4, Section 4.3)
1. Distribution on Secured Claims (Part 3, Section 3.1) -- *Current contractual installment payments*
2. Distribution on Post Confirmation Property Insurance Coverage (Part 4, Section 4.6)
2. Distribution on Secured Claims (Part 3, Section 3.7)
2. Distribution on Secured Claims (Part 3, Section 3.1) – *Arrearage payments*
3. Distribution on Secured Claims (Part 3, Section 3.2)
3. Distribution on Secured Claims (Part 3, Section 3.3)
3. Distribution on Secured Claims (Part 3, Section 3.4)
3. Distribution on Unsecured Claims (Part 6, Section 6.1)
4. Distribution on Priority Claims (Part 4, Section 4.4)
5. Distribution on Priority Claims (Part 4, Section 4.5)
6. Distribution on Unsecured Claims (Part 5, Section 5.2)
6. Distribution on Unsecured Claims (Part 5, Section 5.3)
7. Distribution on General Unsecured claims (Part 5, Section 5.1)

Trustee's fees are disbursed before each of the distributions above described pursuant to 28 U.S.C. § 586(e)(2).

## PART 8: Nonstandard Plan Provisions

8.1     Check "None" or list the nonstandard plan provisions

☐ **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

*Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the Official Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.*

**Each paragraph below must be numbered and labeled in boldface type, and with a heading stating the general subject matter of the paragraph.**

The following plan provisions will be effective only if there is a check in the box "Included" in § 1.3.

_____

_____

_____

_____

_____

_____

_____

_____

_____

*Insert additional lines as needed.*

## PART 9: Signature(s)


_____          Date _____
**Signature of attorney of Debtor(s)**


_____          Date _____


_____          Date _____
*Signature(s) of Debtor(s) (required if not represented by an attorney; otherwise optional)*


**By filing this document, the attorney for Debtor(s) or Debtor(s) themselves, if not represented by an attorney, also certify(ies) that the wording and order of the provisions in this chapter 13 plan are identical to those contained in Local Form G (LBF-G), other than any nonstandard provisions included in Part 8.**

# EXHIBIT 3

IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO

IN THE MATTER OF:

CASE NO.          ESL

Chapter 13

Debtor(s)

## ORDER CONFIRMING PLAN

1. The debtor(s) Chapter 13 plan was duly served on all parties. A hearing on confirmation of the plan was held after due notice to all parties in interest. The Court hereby finds that each of the requirements for confirmation of a Chapter 13 plan pursuant to 11 U.S.C. §1325(a) are met.

2. The debtor(s), or his employer, shall make the payments to the trustee required by the confirmed plan or as hereafter modified. Upon the Chapter 13 trustee's request, and without further notice, the court may order any entity from whom the debtor(s) receive(s) income, to pay all or any part of such income to the trustee pursuant to 11 U.S.C. §1325(c).

3. The debtor(s) shall obtain the approval of the trustee prior to incurring in post petition consumer debt. The failure to obtain such approval may cause the claim for such debt to be disallowed pursuant to 11 U.S.C. §1305 (c) and the debt to be non-dischargeable pursuant to 11 U.S.C. §1328 (d).

4. If the debtor(s) plan is confirmed prior to the last day to file claims, or to object to the debtor(s) claim of exemptions, a modification of the confirmed plan pursuant to 11 U.S.C. §1329 may be required after these dates have past.

5. Unless otherwise ordered by the court, all property of the estate as defined in 11 U.S.C. §§ 541 and 1306, including, but not limited to any appreciation in the value of real property owned by the debtor(s) as of the commencement of the case, shall remain property of the estate during the term of the Plan and shall vest in the debtor(s) only upon closing of the case. All property of the estate shall remain within the exclusive jurisdiction of the Bankruptcy Court.

6. The debtor(s) shall not transfer, sell, encumber, or otherwise alienate property of the estate other than in accordance with the confirmed plan or other order of the Bankruptcy Court. The debtor(s) shall be responsible for preserving and protecting all property of the estate.

7. Debtor(s) has (have) a continuing obligation, during the term of the plan, to report to the Court, thru the pertinent motion or amendment to schedules, any change to the (their) financial/economic circumstances, particularly income increase or decreases and the acquisition of assets by whatever means.

Therefore, **IT IS HEREBY ORDERED** that the debtor(s) Chapter 13 plan dated_____ is **CONFIRMED**.

**ALLOWANCE OF DEBTOR ATTORNEY'S FEES:**

[x](1).The plan provides that the attorney representing the debtor(s) will be compensated pursuant to LBR 2016-1(f)(1) in the amount of $_____. The court finds that the amounts described in the statement filed pursuant to 11 U.S.C. §329 and Fed.R.Bankr.P.2016(b), are reasonable fees for the legal services performed up to the confirmation hearing date, and as such are hereby approved.

[x](2).The plan provides that the attorney representing the debtor(s) will be compensated pursuant to PR LBR 2016-1(a). Attorney's fees in the amount of $_____ are hereby approved.

[x](3).The final amount to be compensated for the services performed up to the confirmation hearing date will be determined upon the approval of an application filed pursuant to 11 U.S.C. §330 and Fed.R.Bankr.P.2016(a), filed within fourteen (14) days from the date of the entry of this order. If the application is not filed within (14) days from the date of the entry of this order, then the attorney compensation will be equal to the amount authorized by LBR 2016-1(f)(1), and is hereby approved.

[x](4).The court approves an interim fee in the amount of $_____. If no timely application for final compensation is filed within fourteen (14) days from the date of entry of the order, then the interim fee awarded in this order will be the final fee for services provided up to the confirmation of the Chapter 13 Plan.

The approved fees, less any retainer, shall be paid by the trustee from the monies received under the debtor(s) plan in the order of distribution provided for the plan.

In San Juan, Puerto Rico, this    day of    , 2018.

«judgenam»
U.S. Bankruptcy Judge

C:  DEBTOR(S),
ATTY FOR DEBTOR
CH.13 TRUSTEE
FINANCE

# EXHIBIT 4

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:

CHAPTER 13 CASES BEFORE U. S. BANKRUPTCY JUDGE ENRIQUE S. LAMOUTTE

INITIAL CONFIRMATION HEARING

ADMINISTRATIVE ORDER NO.:

2018 - 01

## ADMINISTRATIVE ORDER

The purpose of this Order is to set the procedures to be followed regarding the "Initial Confirmation Hearing" in all Chapter 13 cases of the undersigned bankruptcy judge and to secure their expedient resolution. This Administrative Order implements the provisions in PR LBR 3015-3(e) determining that the initial confirmation hearing will be a non-evidentiary hearing. The specific change to existing procedures is that the hearing, albeit non-evidentiary, will be presided by a bankruptcy judge, and all parties in interest are expected to attend, unless the matter has been placed on the uncontested calendar pursuant to PR LBR 3015-3(e)(1).

Debtor(s)', or debtor(s)' counsel's, failure to appear at the initial confirmation hearing may constitute cause for the reduction or disgorgement of attorney's fees, or for the dismissal or conversion to chapter 7 of the case. Any party in interest that has filed an objection to the confirmation of the chapter 13 plan shall attend the initial confirmation hearing. The failure of an objecting party to appear at the initial confirmation hearing may constitute cause for the court to overrule the objection for failure to prosecute.

The change in procedures is intended to promote the expedited disposition of the confirmation process of chapter 13 plans pursuant to section 1324 of the Bankruptcy Code, 11

-1-

U.S.C. § 1324[1], in conjunction with the requirements in Fed. R. of Bankr. P. 3015 and Fed. R. of Bankr. P. 3015.1. The key to the successful accomplishment of the goal pursued by the change in procedures is the diligent, active and effective participation by all parties in interest.

If the chapter 13 plan is not confirmed at the initial confirmation hearing and there is a need, for good cause shown, to schedule a contested confirmation hearing pursuant to PR LBR 3015-3 (e)(2,3) and (f), all parties in interest, particularly the debtor, must be prepared to submit a proposed timetable of actions needed to place the then pending chapter 13 plan on a confirmation track. Examples of actions that may need to be taken are: the filing of an amended chapter 13 plan, the filing of amended schedules, the filing of evidence of being current on the payments under the plan, and evidence of being current on post-petition domestic support obligations (DSO's). The time granted in the minutes of the initial confirmation hearing for the filing of any document, or other action as is appropriate, shall commence from the date of the order issued at the initial confirmation hearing.[2]

The initial confirmation hearing may be continued without a date if the nature and extent of the then pending actions of the proposed timetable, if acted upon, are likely to result in the confirmation of a chapter 13 plan and an evidentiary hearing is not necessary. In the event that the initial confirmation hearing is continued, it shall be rescheduled to the next contested confirmation hearing date on calendar. Should a plan be confirmed prior to the re-scheduled hearing date, the scheduling is deemed set aside.

Unless good cause is shown, the failure to timely file all necessary amendments, pleadings, documents, or perform any act required by a minute order at the initial confirmation hearing, or any other subsequent order conducive to confirmation, may result in a decrease or disgorgement of attorney's fees, or may constitute cause for the dismissal or conversion to chapter 7 of the case. The court expects and demands strict compliance with any proposed action ordered at the initial confirmation hearing.

---

[1] See 28 U.S.C. § 151.

[2] See attached template of minutes for "Initial Confirmation Hearing."

This administrative order will be effective for chapter 13 cases filed and assigned to this bankruptcy judge commencing on January 1, 2019.

The Clerk of Court shall give notice of this Administrative Order.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 30th day of November 2018.

Enrique S. Lamoutte
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
DISTRICT OF PUERTO RICO

**_Hearing Information:_**
Debtor:
Case Number:
Chapter: 13
Date / Time / Room:
Bankruptcy Judge: ENRIQUE S. LAMOUTTE
Courtroom Clerk:
Reporter / ECR:

### Minutes Chapter 13 Initial Confirmation Hearing
Hon. Enrique S. Lamoutte

Matter(s):
Confirmation Hearing

I.Appearances:

II. Chapter 13 Plan and Objections:

[ ]Creditor's application to withdraw objection is hereby granted. Re: docket number(s):_____.
[ ]Trustee's application to withdraw objection/unfavorable report is hereby granted. Re: docket number(s):_____.

III. Disposition:

[ ] The Chapter 13 plan dated _____ (dkt. # _____) is [ ] CONFIRMED. [ ] NOT CONFIRMED.
[ ] The provisions in PR LBR 3015 apply. The period is extended to _____ days.

IV. Debtor(s) Action(s) and Timetable if Confirmation is denied:

[ ] The debtor(s) shall file an amended chapter 13 plan within _____ days.
[ ] The debtor(s) shall file evidence of being current on _____ payments within _____ days.
[ ] The debtor(s) shall file: _____ within _____ days.
[ ] Other:_____.

V. Chapter 13 trustee and parties interest:

[ ] The Chapter 13 trustee and parties in interest, are granted _____ days to file report on confirmation and/or objections to the chapter 13 plan dated _____ (Dkt. # _____); [ ] or to the amended plan to be filed within the time specified above. If the chapter 13 trustee recommends confirmation and other parties in interest do not object, the chapter 13 plan may be confirmed.

VI. [ ] Notice on Dismissal or Conversion to Chapter 7: Upon debtor(s)' failure to timely comply with the action(s) specified above in Part IV within the allowed period, the court may enter an order dismissing or converting the case to Chapter 7 pursuant to 11 U. S. C. §1307.

VII. Attorney's Fees:

(1) [ ] PR LBR 2016-1(f)(1) $_____.
(2) [ ]Plan provides for compensation pursuant to PR LBR 2016-1(a). The amount of $_____ is hereby approved.
(3) [ ] Final fee to be determined upon application for compensation filed or to be filed within fourteen (14) days from the date of this order.
(4) [ ] Interim fee allowed: $_____ Final fee to be determined upon application for compensation filed or to be filed within fourteen (14) days from the date of this order. If application for compensation not timely filed, the attorney's fee will be the amount authorized by PR LBR 2016-1(f) (1).

VIII. [ ] Continuance: The confirmation hearing is continued to: _____ as a contested matter.
[ ] Without a date.

IX. Other:

/s/ Enrique S. Lamoutte
U. S. Bankruptcy Judge